IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRANDALL PENAFLOR, #A0072574, )<br>)<br>               Petitioner, )<br>)<br>  vs. )<br>)<br>TODD THOMAS, )<br>)<br>               Respondent. )<br>_____ ) | CIVIL NO. 12-00050 LEK-BMK<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS AND<br>CERTIFICATE OF APPEALABILITY |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND CERTIFICATE OF APPEALABILITY**

Before the court is *pro se* Petitioner Crandall Penaflor's petition for writ of habeas corpus under 28 U.S.C. § 2254. Penaflor is a Hawaii prisoner incarcerated at Saguaro Correctional Center ("SCC") in Eloy, Arizona. Respondent has filed an Answer to the Petition, ECF #13-#14, and Penaflor has filed a Traverse. ECF #15. For the following reasons, the Petition and any request for certificate of appealability are DENIED.

**I. BACKGROUND**

On June 25, 1991, a jury in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court") found Penaflor guilty of first degree burglary (Count I), first degree terroristic threatening (Counts II and III), kidnapping (Count IV), and two counts of first degree sexual assault (Count VI and VII). Resp.' Decl., Appx. B, ECF #14-2. The circuit court sentenced Penaflor to consecutive terms of imprisonment totaling

seventy years, although it denied the State's motion for extended terms. *See* Appx. C, ECF #14-3. Penaflor appealed, arguing that the circuit court abused its discretion when it imposed consecutive sentences. The Hawaii Supreme Court affirmed Penaflor's conviction by memorandum opinion on August 26, 1992. Appx. F, ECF #14-6.

Approximately five and a half years later, on January 22, 1998, Penaflor filed his first state post-conviction petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP") ("First Rule 40 Petition"). Appx. H, ECF #14-8. Penaflor raised three grounds for relief: (1) ineffective assistance of counsel; (2) his conviction was obtained through perjured witness testimony; and (3) biased jury. *Id.* The circuit court denied the First Rule 40 Petition on May 4, 1998, finding that Penaflor failed to establish ineffective assistance of counsel and had waived the second and third claims in his petition by failing to raise them on direct appeal pursuant to HRPP 40(a)(3). Appx. I, ECF #14-9 at 3-6. Penaflor did not appeal.

Approximately two years later, on February 28, 2000, Penaflor moved for correction of his sentence pursuant to HRPP 35 ("Rule 35 Motion"). Appx. J, ECF #14-10. Penaflor argued that, because his conviction for kidnapping showed a continuing course of conduct, his convictions for burglary, terroristic

threatening, and sexual assault were subsumed, or merged, with his conviction for kidnapping, and therefore illegal. *Id.* The circuit court denied the motion, finding that each offense was "separate and distinct." *Id.* Appx. M, ECF #14-13. Penaflor appealed and was appointed counsel. The Hawai`i Intermediate Court of Appeals ("ICA") affirmed on October 21, 2002. Appx. O, ECF #14-15. In affirming, the ICA concluded, however, that the circuit court failed to merge one of Penaflor's terroristic threatening charges with his kidnapping charge involving the same victim (Counts II and IV), pursuant to Hawaii Revised Statutes ("HRS") § 701-109(1)(a) and (4)(a) (1993), and reversed Penaflor's conviction for terroristic threatening in Count II. *Id.* at 2-3. The Hawai`i Supreme Court denied *certiorari*.

Three years later, on September 11, 2006, Penaflor filed his Second Rule 40 Petition. Appx. R, ECF #14-18. Penaflor raised three principal grounds for relief, each with many subparts: (1) ineffective assistance of trial and appellate counsel, who were the same; (2) prosecutorial misconduct; and (3) the denial of a fair and impartial trial.[1] *Id.* The circuit court denied the Second Rule 40 Petition, finding that Penaflor's claims were procedurally barred under HRPP 40(a)(3), because his (1) ineffective assistance of counsel claims were either raised

---

[1] Penaflor filed an essentially identical amended petition thereafter, that contained additional exhibits. *See* Appx. S, ECF #14-19.

3

and ruled upon, or waived by his failure to raise them in his First Rule 40 Petition, and (2) his prosecutorial misconduct and trial court error claims were waived by his failure to raise them on direct appeal or in his First Rule 40 Petition. Appx. T, ECF #14-20 at 5-6 ¶¶ 3-4. The court noted, however, that "[t]he State concedes that Petitioner must be resentenced in accordance with the ICA's October 21, 2001 Summary Disposition Order." *Id.* at 4 ¶ 14. On June 24, 2008, the ICA affirmed, and the Hawai`i Supreme Court later rejected *certiorari*. Appx. V, X, ECF #14-22, #14-24.

On August 17, 2009, Penaflor filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *See Penaflor v. Thomas*, 1:09-cv-00378 DAE. The federal court, recognizing that the state courts had neither filed an amended judgment nor resentenced Penaflor since the ICA had reversed Penaflor's conviction for terroristic threatening in Count II in 2002, dismissed the petition without prejudice as premature. *Id.,* ECF #13.

On December 21, 2009, the circuit court held a hearing at which Penaflor, represented by counsel and present by telephone, requested that his remaining sentences in Counts I, III, IV, VI, VII, be imposed concurrently. *See* Decl., Appx. AA, BB, ECF #14-27, #14-28. Instead, the circuit court vacated Penaflor's five-year sentence for terroristic threatening in

Count II, retained the same consecutive sentences for Penaflor's other convictions, and entered an Amended Judgment. Appx. AA, ECF #14-27. On February 25, 2011, the ICA affirmed the circuit court's decision. Appx. BB, ECF #14-28. In so holding, the ICA stated that,

> the effect of our reversing Penaflor's conviction on Count II was simply to remove the Count II conviction and sentence from Penaflor's Judgment . . . . Under these circumstances, the Circuit Court was not required to resentence Penaflor . . . [but] could have entered an Amended Judgment that removed the conviction and sentence on Count II without holding a sentencing hearing.

*Id.* at 4-5. Penaflor, proceeding *pro se*, sought *certiorari*, raising twenty-six issues on appeal, including grounds that were denied in his First Rule 40 Petition, rejected as procedurally barred in his Second Rule 40 Petition, and raised for the first time alleging his consecutive sentences violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. Appx. DD, ECF #14-29 at 5 ¶ x. On June 2, 2011, the Hawai`i Supreme Court rejected Penaflor's application for *certiorari*. Appx. EE, ECF #14-30.

On January 20, 2012, Penaflor filed the instant Petition, raising two grounds for relief: (1) the circuit court violated the United States Constitution, as set forth by the holdings in *Apprendi, et al.*, and state law, when it resentenced him to consecutive sentences (Ground One); and (2) ineffective assistance of trial and appellate counsel (Ground Two). *See* ECF #2, Mem. in Support.

5

Respondent argues that the Petition should be dismissed because Penaflor's claims are unexhausted, procedurally defaulted, and without merit. *See* Answer ECF #13.

## II. **LEGAL STANDARDS**

### A. Exhaustion and Fair Presentation of a Claim

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must exhaust his claims in state court before presenting them to the federal court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To properly exhaust state remedies, a petitioner must "fairly present his claim in *each* appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

Fair presentation of a federal claim requires that "petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his

6

constitutional claim." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal citation omitted). Exhaustion therefore requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004).

To determine if a claim has been exhausted, the Ninth Circuit asks whether the petition to the highest appropriate state court "explicitly alerted the court that petitioner was making a federal constitutional claim."[2] *Galvan v. Alaska Dept. of Corr.*, 397 F.3d 1198, 1205 (9th Cir. 2005). A petitioner may do so by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

**B.   Procedural Bar**

A claim may be procedurally barred from federal review if it was actually raised in state court but rejected on state procedural grounds. *Coleman*, 501 U.S. at 729-30. This is considered an "express procedural bar." *See Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010); *see also Franklin v.*

---

[2] Hawai`i's petitioners need not present their claims to the Hawai`i Supreme Court on a petition for *certiorari* to fully exhaust their claims. *See* Haw. R. App. P. 40.3; *see also Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (holding that review by the Arizona Supreme Court is not required to adequately exhaust in Arizona).

7

*Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). Federal review of the merits of the claim is precluded, or procedurally barred, if the petitioner violated a state procedural rule, the highest state court to consider the claim actually relied on the procedural default to deny the claim, and the state procedural rule is independent of federal law and adequate to warrant preclusion of federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). A state procedural bar is not adequate unless it was firmly established and regularly followed at the time of the purported default. *See Ford v. Georgia*, 498 U.S. 411, 423–24 (1991).

A claim also may be procedurally barred from federal review if the petitioner failed to present it in state court, or failed to fairly present it as discussed above, and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). This is considered an "implied procedural bar." *See Robinson*, 595 F.3d at 1100. Federal review of such claims is barred if the state would now apply a mandatory rule of state procedure to preclude the petitioner from raising the claim in state court. *See Moreno*

*v. Gonzalez*, 116 F.3d 409, 411 (9th Cir. 1997). If the procedural bar is discretionary, the state will not necessarily apply the bar, but the claim is unexhausted. *Id.*

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). As a general matter, however, this court does not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750; *Robinson*, 595 F.3d at 1100, n.10 (stating that an implied procedural bar must also be adequate and independent, and is subject to the cause and prejudice, miscarriage of justice analysis).

## C. Avenues for Exhaustion in Hawaii

In Hawaii, petitioners may exhaust their federal constitutional claims on direct appeal and through petitions for post-conviction relief brought pursuant to HRPP 40. Rule 40 provides that state prisoners are precluded, or procedurally barred, from obtaining post-conviction relief on issues they have "knowingly and understandingly" waived by failing to raise before

9

trial, at trial, on appeal, or by any other means, and there are no "extraordinary circumstances" justifying the failure to raise the issue. HRPP 40(a)(3).

The Ninth Circuit has held that Rule 40(a)(3) is consistently applied and an adequate and independent state procedural rule sufficient to support procedural default. *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003); *see also Elizares v. Parker*, No. 06-465 HG-LEK, 2007 WL 2048832, at *2-3 (D. Haw. July 12, 2007) (adopting the Magistrate Judge's finding that Rule 40(a)(3) is an adequate and independent state procedural rule sufficient to support a finding of procedural default), *aff'd*, App. No. 07-16491, 2009 WL 766506 (9th Cir. Mar. 24, 2009).

### III. DISCUSSION

The court finds that Penaflor's claims are expressly and impliedly procedurally barred from federal review, and that Ground One lacks merit.

**A. Ground One: Illegal Resentencing**

Penaflor contends that the circuit court violated his right to a jury trial under the Sixth Amendment by vacating his sentence in Count II and reimposing the same consecutive sentences on his remaining convictions without affording him a jury trial. Penaflor cites *Apprendi*, *et al.*, as support for this proposition, alleging that the circuit court's reimposition of

10

consecutive sentences violates federal and state law.

Penaflor raised this *Apprendi* claim for the first time in his April 29, 2011, petition for *certiorari* to the Hawai`i Supreme Court. *See* ECF #14-30 at 5 ¶ x. Penaflor failed to raise this claim to the circuit court at the December 21, 2009, resentencing hearing or to the ICA on appeal of that proceeding.[3] Penaflor therefore failed to present this claim in a procedurally appropriate manner to the Hawaii state courts. *See Baldwin*, 541 U.S. at 29. The Hawai`i Supreme Court declined to address the claim when it rejected *certiorari*. Because the Hawaii courts have several times expressly rejected Penaflor's claims as procedurally barred pursuant to HRPP 40(a)(3), it is clear they would do so again were he to file a third Rule 40 petition raising this issue. Thus, this claim is "technically" exhausted, but subject to an implied procedural bar.

---

[3] Penaflor claims that he raised the *Apprendi* issue in his Second Rule 40 Petition, in 2006. The court has carefully reviewed Penaflor's petitions in that action and finds that he did not fairly raise an *Apprendi* claim. *See* ECF #18, #19. He argued only that the circuit court abused its discretion under state law when it *originally* sentenced him to consecutive terms, which Penaflor mischaracterized as an "extended sentence." *See* Appx. S, ECF #14-19 at 20 ¶ 13. Penaflor further alleged that the circuit court never "proved that petitioner was a danger to the public," referring to the earlier version of HRS § 706-662, that has since been overruled. *See State v. Maugaotega*, 115 Hawai`i 432, 446-47, 168 P.3d 562, 576-77 (Haw. 2007). These claims did not fairly alert the state courts that he was making a federal claim. Moreover, Penaflor's Second Rule 40 petition had concluded *before* he was resentenced in 2009, and its sentencing claims cannot apply to his Amended Judgment and reimposition of consecutive terms.

### 1. Cause, Prejudice, or Miscarriage of Justice

A procedurally defaulted claim may be excused if a petitioner shows cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice resulting in the conviction of an actually innocent person. *See House v. Bell*, 547 U.S. 518, 535-36 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Lee v. Lampert*, 653 F.3d 929, 934-36 (9th Cir. 2011) (holding that the actual innocence exception applies to claims that are procedurally barred by expiration of AEDPA's statute of limitation).

To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. *See Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Martinez- Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. *See Vickers*, 144 F.3d at 617. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. *See Manning v. Foster*, 224 F.3d 1129, 1135-36 (9th Cir. 2000).

If a petitioner cannot meet one requirement, it is unnecessary for the court to address the other. *See United States v. Frady*, 456 U.S. 152, 168 (1982).

A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. *See Murray v. Carrier*, 477 U.S. 478, 485-86 (1986). A successful claim of actual innocence, "requires a petitioner to support his allegations . . . with new reliable evidence" that was not and could not have been presented at trial to show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327; *see also, Lee*, 653 F.3d at 936.

Penaflor does not explicitly address cause, prejudice, or actual innocence in his Traverse. He generally argues that (1) his claims are not time-barred, and (2) he was precluded from raising his ineffective assistance of counsel claims on direct appeal because he was represented by the same attorney at trial and on direct appeal, suggesting cause for counsel's failure to raise "appealable issues," such as this *Apprendi* claim. *See* Traverse, ECF #15 at 7-8.

### 2. *Ground One is Procedurally Barred and Without Merit*

Penaflor cannot show prejudice for his failure to raise his purported *Apprendi* consecutive sentencing issue because the

United States Supreme Court has conclusively held that the imposition of consecutive sentences is a matter for the discretion of the sentencing court. *See Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 717-18 (2009). Because historically the imposition of concurrent or consecutive sentences was at the discretion of the trial judge, the Supreme Court held that a judge may impose consecutive sentences without any jury findings beyond those of guilt. *Id.* at 717-18. The Supreme Court therefore held that the rule established in *Apprendi*, as refined through such subsequent decisions as *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007), does not apply to the imposition of consecutive sentences. *Ice*, 129 S. Ct. at 714-15.

In *Ice*, the trial judge found that two of the six crimes of which the defendant was convicted constituted separate incidents within the meaning of state sentencing law. As a result, the trial judge exercised his discretion to impose consecutive sentences for the two crimes. *Id.* at 715-16. Defendant argued that, under the rationale of *Apprendi et al.*, the finding of fact necessary to impose a consecutive sentence must be made by the jury. The Supreme Court disagreed and held that the Sixth Amendment does not prohibit delegating to trial judges, rather than juries, the finding of facts necessary to support the imposition of consecutive, rather than concurrent,

14

sentences. *Id.* at 716–19. Therefore, the circuit court was within its discretion to retain or resentence Penaflor to consecutive terms on his remaining convictions and there is no prejudice to him.

The court need not address cause because Penaflor cannot show prejudice stemming from this claim. Nor can he show actual innocence, as this claim relates only to his consecutive sentences, not to Penaflor's guilt or innocence. This claim is procedurally barred from federal review and without merit and is DENIED.

**B.  Ground Two: Ineffective Assistance of Counsel**

In denying Penaflor's Second Rule 40 Petition, the ICA held that Penaflor's ineffective assistance of counsel claims were explicitly barred from review. Specifically, the ICA held that several of Penaflor's ineffective assistance of trial counsel claims were previously ruled upon in his First Rule 40 Petition, and his remaining ineffective assistance of counsel claims, including those against counsel on appeal, were waived by his failure to raise them in that petition.[4] *See* Appx. V, ECF

---

[4] Penaflor claims that he was precluded from raising claims of ineffective assistance of counsel because he was represented at trial and on appeal by the same attorney. *See* Traverse, ECF #15 at 7. Penaflor, however, filed his First Rule 40 Petition pro se five years after his direct appeal concluded and raised ineffective assistance of counsel as his first claim. *See* Appx. H, ECF #14-8 at 7. The circuit court recognized this claim was properly brought under Rule 40 because trial and appellate

(continued...)

#14-22 at 5. The ICA held that Penaflor failed to prove the existence of extraordinary circumstances justifying his failure to raise these claims, and deemed them waived pursuant to HRPP 40(a)(3). *Id.* In summary, the ICA stated, "[a]ll claims raised by Penaflor in his Second [Rule 40] Petition have either been waived or previously ruled upon. As such, he has failed to present a colorable claim to the circuit court." *Id.*

Penaflor failed to appeal the denial of his ineffective assistance of trial counsel claims in his First Rule 40 Petition, and failed to raise his claims of ineffective assistance of appellate counsel in that petition. Thus, the ICA held that his claims were explicitly procedurally barred and they are now procedurally barred from federal review, absent a showing of cause and prejudice, or actual innocence.

### 1. *No Cause, Prejudice, or Actual Innocence Shown*

As noted above, Penaflor provides nothing justifying cause or prejudice. He neither rebuts Respondent's argument that his claims are procedurally defaulted, nor sets forth any argument that some objective factor external to the defense impeded his efforts to fairly present all of his ineffective

---

⁴(...continued)
counsel were the same, and addressed the claim on its merits. Appx. I, ECF #14-9 at 5-7. Penaflor failed to appeal this decision, but there was no state-created impediment to his raising *all* of his alleged trial and appellate counsel ineffectiveness claims in his First Rule 40 Petition and pursuing those claims through appeal.

16

assistance of trial or appellate counsel claims in his First Rule 40 Petition. Nor can he, as the circuit court addressed his ineffective assistance of counsel claims on their merits in the First Rule 40 Petition. *See* Appx. I at 5-7.

Moreover, Penaflor cannot use his appellate counsel's alleged failure to raise the issues he proffers now as cause to excuse his default, because he never fully-exhausted his claims of ineffective assistance of appellate counsel in his First Rule 40 Petition. *See Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (holding that ineffective assistance of counsel may constitute sufficient cause to excuse a default, "only if the procedural default was a result of an independent constitutional violation").

To the extent that Penaflor argues ineffective assistance of counsel during his Rule 35 proceedings or at resentencing, and it is not apparent that he raises such a claim, he provides no support for such a conclusion.[5] First, his resentencing counsel were not ineffective for failing to raise an *Apprendi* claim, as that would have been frivolous. Second, his resentencing attorneys could not raise the other issues Penaflor

---

[5] Penaflor was represented by James Brumbaugh, Esq, for his Rule 35 Motion, and by Theodore Y.H. Chinn, Esq., on appeal of that decision. *See* Answer, ECF #13 at 4. Penaflor was represented by the Hawaii Office of the Public Defender at the 2009 resentencing hearing and on appeal in that decision. *See* Appx. BB, ECF #14-28 at 4.

17

proffered to the ICA or here, as those claims should have been raised on direct appeal or in his First Rule 40 Petition.  Third, Penaflor has never raised a separate and distinct claim of ineffective assistance of his resentencing counsel to the state courts, and therefore, this claim is unexhausted.  Penaflor does not meet his burden by demonstrating cause to excuse the procedural default of his ineffective assistance of trial or appellate attorney claims, and the court need not address prejudice.  *See Smith v. Murray*, 477 U.S. 528, 533 (1986).

To support the miscarriage of justice prong of the procedural bar doctrine, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup*, 513 U.S. at 327.  The proffered evidence must create a colorable claim of actual innocence, that is, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Id.* at 321.  A successful claim of actual innocence, "requires a petitioner to support his allegations . . . with new reliable evidence" that was not available and could not have been presented at trial to show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.* at 327.

Penaflor presents no new evidence establishing that he is actually innocent of his crimes, or that it is "more likely

18

than not that no reasonable juror viewing the record as a whole would lack reasonable doubt of his guilt." *Schlup*, 513 U.S. at 554. Penaflor fails to show cause, prejudice, or actual innocence as to his claims in Ground Two and it is DENIED as procedurally barred.

### IV. **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases, requires the district court to issue or deny a certificate of appealability ("COA"), when it enters a final order that is adverse to a petitioner challenging a state court conviction or sentence. *See also*, 28 U.S.C. § 2253(c)(1).

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a constitutional claim is rejected on its merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Id.*

Ground One is denied as procedurally barred and on its merits; Ground Two is denied as procedurally barred from federal review. Reasonable jurists would not find the denial of Ground One on its merits is debatable or wrong, or that the denial of Grounds One and Two as procedurally barred is debatable. A certificate of appealability is DENIED.

## V. CONCLUSION

Penaflor's Petition is without merit as to Ground One and procedurally barred as to Grounds One and Two and is DENIED. A certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 17, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Penaflor v. Thomas*, Civ. No.12-00050 LEK-BMK; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY; psas\habeas\Penaflor 12-50 LEK (dny proc'l dflt)