IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CRANDALL PENAFLOR, #A0072574, ) | | CIVIL NO. 12-00050 LEK-BMK |
| Petitioner, ) | | |
| vs. ) | | ORDER DENYING OBJECTIONS AND CERTIFICATE OF APPEALABILITY |
| TODD THOMAS, ) | | |
| Respondent. ) | | |
| _____ ) | | |

**ORDER DENYING OBJECTIONS AND CERTIFICATE OF APPEALABILITY**

Before the court is *pro se* Petitioner Crandall Penaflor's "Objections" to the May 29, 2012, Order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Ord., ECF #16; Objections, ECF #17. Respondent has filed a memorandum in opposition to the Objections, ECF #19, and Petitioner has filed a reply, ECF #20. The court construes Petitioner's Objection as a motion for reconsideration pursuant to either Fed. R. Civ. P. 59 or 60. Petitioner's Motion for Reconsideration is DENIED and a certificate of appealability is again, DENIED.

**I. PROCEDURAL BACKGROUND[1]**

On June 25, 1991, Petitioner was convicted of first degree burglary (Count I), first degree terroristic threatening (Counts II and III), kidnapping (Count IV), and two counts of

---

[1] Because the parties and the court are aware of the facts underlying this action, the court will not detail them again except as necessary.

first degree sexual assault (Count VI and VII).  Petitioner was
sentenced to consecutive terms of imprisonment totaling seventy
years.  Petitioner appealed the imposition of consecutive
sentences.  The Hawaii Supreme Court, however, affirmed the
conviction and sentence on August 26, 1992.

On January 22, 1998, Petitioner filed his first post-
conviction petition pursuant to Rule 40 of the Hawaii Rules of
Penal Procedure ("HRPP") ("First Rule 40 Petition").  Petitioner
raised three new grounds for relief: (1) ineffective assistance
of counsel; (2) his conviction was obtained through perjured
witness testimony; and (3) biased jury.  On May 4, 1998, the
trial court denied Petitioner's First Rule 40 Petition and
Petitioner did not appeal.

On February 28, 2000, Petitioner moved for correction
of his sentence pursuant to HRPP 35 ("Rule 35 Motion").  The
trial court denied the motion and the Hawai`i Intermediate Court
of Appeals ("ICA") affirmed on October 21, 2002.  The ICA
concluded, however, that one of Petitioner's terroristic
threatening charges merged with the kidnapping charge involving
the same victim (Counts II and IV), and reversed the conviction
for terroristic threatening in Count II.  The Hawai`i Supreme
Court denied *certiorari*.

On September 11, 2006, Petitioner filed a Second Rule
40 Petition, raising numerous new ineffective assistance of trial

and appellate counsel claims, as well as claims of prosecutorial misconduct and the denial of a fair and impartial trial. The trial court denied the Second Rule 40 Petition, finding that Penaflor's claims were procedurally barred under HRPP 40(a)(3). On June 24, 2008, the ICA affirmed, and the Hawai`i Supreme Court later rejected *certiorari*.

On August 17, 2009, Petitioner filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *See Penaflor v. Thomas*, 1:09-cv-00378 DAE. The petition was dismissed without prejudice as premature, because Petitioner complained that he had not been resentenced pursuant to the reversal of his conviction in Count II for terroristic threatening and no amended judgment had been entered reflecting the reversal of Count II.

On December 21, 2009, the trial court vacated Penaflor's five-year sentence for terroristic threatening in Count II, retained the same consecutive sentences for Penaflor's other convictions, and entered an Amended Judgment. On February 25, 2011, the ICA affirmed the circuit court's decision. Petitioner sought *certiorari* with the Hawai`i Supreme Court, raising numerous issues and alleging for the first time that his consecutive sentences violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. On June 2, 2011, the Hawai`i Supreme Court rejected Penaflor's application for *certiorari*.

On January 20, 2012, Petitioner filed the instant Petition, raising two grounds for relief: (1) the trial court violated the holding in *Apprendi*, and its progeny, as well as state law, when it resentenced him to consecutive sentences (Ground One); and (2) ineffective assistance of trial and appellate counsel (Ground Two). On May 17, 2012, this court denied the Petition, finding that its claims were procedurally barred and that the *Apprendi* claim was without merit. Ord., ECF #16.

Petitioner seeks reconsideration, apparently alleging that extraordinary circumstances, including lack of access to a law library when he was incarcerated in Minnesota, Mississippi, and Texas, prevented him from properly raising his claims in his First Rule 40 Petition. Mot., ECF #17. Petitioner also realleges that he is actually innocent.

## II. <u>LEGAL STANDARDS</u>

A party may seek reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988). Under Rule 59(e), reconsideration is only appropriate if, within 28 days of the entry of judgment, (1) the court is presented with newly discovered evidence; (2) the court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740

(9th Cir. 2001).

As applicable to Petitioner's Motion, Rule 60(b) adds several other grounds for seeking reconsideration or relief from judgment, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation, or misconduct by an opposing party; and (3) any other reason that justifies relief. *See Brown v. Warden*, 2011 WL 2559428 at *2 (E.D. Cal. June 27, 2011). Under both standards, "[r]econsideration is not a vehicle by which an unsuccessful party is permitted to rehash arguments previously presented or to raise arguments or present evidence that could have been raised previously." *Rao v. Amerisourcebergen Corp.*, 2011 WL 1464378 at *2 (E.D. Cal. Apr.15, 2011).

### III. **DISCUSSION**

Petitioner's Motion does not meet any of the grounds for reconsideration outlined in Rules 59(e) or 60(b). The majority of his arguments were carefully considered by the court in its May 17, 2012 Order denying the Petition. First, Petitioner does not explain how extraordinary circumstances can salvage his claim that his consecutive sentences violate the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in light of the Supreme Court's holding that *Apprendi* does not apply to the imposition of consecutive sentences. *See Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 717–18 (2009).

5

Second, cause to excuse a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012). Petitioner does not explain how an alleged, and unsupported, lack of a sufficient law library at prisons he was housed at in Texas and Mississippi prevented him from properly raising all of his ineffective assistance of trial and appellate counsel claims in his First Rule 40 Petition when he was clearly able to raise *some* of those claims, or why he failed to appeal the denial of his First Rule 40 Petition. Nor does Petitioner sufficiently counter the ICA's holding, in rejecting Petitioner's Second Rule 40 Petition, that he failed to prove the existence of extraordinary circumstances at that time. Nor does Petitioner explain how he was able to file two Rule 40 Petitions, a Rule 35 Motion, two federal habeas petitions, and numerous appeals in those actions, yet was unable to properly raise all of his ineffective assistance of trial and appellate counsel claims through appeal, due to a lack of a proper law library for part of his incarceration, or due to any other unspecified extraordinary circumstance.[2]

---

[2] Petitioner's citation to *Brown v. Kimoto*, 2008 U.S. Dist. Lexis 17586 (D. Haw. Mar. 7, 2008), *aff'd*, 2008 U.S. App. 18194 (9th Cir. Aug. 19, 2008), is unavailing to him, as that decision simply found that venue of the case was improper in Hawaii; it
(continued...)

Third, Petitioner does not explain why he has never raised a separate and distinct claim of ineffective assistance of his resentencing counsel to the state courts, if that is what he is alleging. Petitioner has not met his burden by demonstrating that extraordinary circumstances prevented him from raising any of his ineffective assistance of trial, appellate, or sentencing attorney claims so as to excuse the procedural default of these claims.

Fourth, Petitioner provides no newly discovered evidence to support his claim of extraordinary circumstances that prevented him from properly raising his claims to the state courts. The affidavits he supplies concerning other inmates' claims of an alleged lack of a sufficient law library in Texas and Mississippi are dated 2006-2007. And they do not show that *Petitioner* diligently pursued his rights but was thwarted by the alleged lack of a sufficient law library, that is, that some external force kept him from raising his claims so as to excuse his procedural default. These affidavits show only that other inmates complained of insufficient law library access.

Moreover, the recent grievance Petitioner submits from inmate Kirk Lankford concerning the denial of copies of a

---

[2](...continued)
did not find that the Mississippi or Texas prison at which the plaintiff was housed had provided inadequate access to the law library.

7

treatise and the denial of legal services at Lankford and Petitioner's present prison does not explain why Petitioner was unable to properly raise his claims of ineffective assistance of counsel at any time since his conviction and sentence.

Most importantly, Petitioner's exhibits do not constitute new evidence to support his claim that he is actually innocent. See *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A successful claim of actual innocence, "requires a petitioner to support his allegations . . . with new reliable evidence" that was not available and could not have been presented at trial to show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* Petitioner fails to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

Petitioner's Motion is essentially an attempt to relitigate the issues that he raised in the Petition and that were rejected by this court. Because it contains no basis to set aside or amend the final judgment under Rules 59(e) or 60(b), Petitioner's Motion is DENIED.

## IV **CERTIFICATE OF APPEALABILITY**

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a constitutional claim is

rejected on its merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds without reaching the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not find the denial of Ground One on its merits is debatable or wrong, or that the denial of Grounds One and Two as procedurally barred is debatable. A certificate of appealability is DENIED.

## V. CONCLUSION

Petitioner's Motion is without merit and is DENIED. A certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 6, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Penaflor v. Thomas*, Civ. No.12-00050 LEK-BMK; ORDER DENYING OBJECTIONS AND CERTIFICATE OF APPEALABILITY; psas\habeas\DMP 2012\Penaflor 12-50 LEK (dny recon)